UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MANUEL LAMPON-PAZ**, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **DEPT. OF HOMELAND SECURITY**, *et al.*, <br><br> Defendants. | Civ. No. 2:12-cv-04485 (WJM) <br><br> **OPINION** |

<u>**WILLIAM J. MARTINI, U.S.D.J.**</u>:

*Pro se* Plaintiff Manuel Lampon-Paz filed this action on behalf of himself and his minor child against the U.S. Department of Homeland Security ("DHS"), the U.S. Department of Justice ("DOJ"), the Social Security Administration ("SSA"), and the State of New Jersey (collectively, "Defendants"). This matter comes before the Court on a motion to dismiss filed by DHS, DOJ, and SSA (collectively, the "Federal Defendants"), and a motion to dismiss filed by the State of New Jersey. The Federal Defendants and the State of New Jersey move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motions to dismiss are **GRANTED**.

### I.   BACKGROUND

Plaintiff's core allegations are contained in one and a half pages of the five-page Amended Complaint (the "Complaint"). Because the Court cannot meaningfully summarize these allegations, they are reproduced here in their entirety:[1]

> I have been harassed because I am a whistleblower. My family and myself have been put in danger and have had my son abused by individuals that were carrying out an investigation because I was a whistleblower. Subliminal messaging has also been used to harass and put me and my son's life in danger, to have me reveal classified documentation, and to have me destroy evidence. Other components of this complaint are classified. I have filed with MSPB Board and

---

[1] Grammatical errors in the original have been left unaltered.

met the time frame and I am appealing that decision with this court. This is an ongoing harassment. One of the assaults on my son happened in the school he attended.

I recently learned that a medical procedure might have been done on me without my permission, I was tricked into signing paperwork that a nurse said was for a routine procedure after being told to remove my contact lenses and unable to read what I was signing. That paperwork is not with the package that I requested from the Ambulatory care.

I have also filed a police report with the Paterson Police Department stating that I was assaulted. That individual, who was looking at an iphone and was assisted by the use of subliminal messaging, stole my keys in the process of assaulting me and later entered my house without permission. The subliminal messaging was used to have me close my eyes right before the individual struck me in the face with a closed fist.

I had Ambien put in my wine while on duty, as a Federal Air Marshal, in Germany by another Federal Air Marshal because of his belief that I was going to inform on a group of federal employees that were doing illegal steroids through a company called Y Age clinic. The steroids and evidence were given to [an] FBI Agent.

Also I am alleging that a direct cause of the harassment is because of two memos I wrote in 2007 and 2008 warning of the Christmas 2009 attack and were subsequently ignored. It has come to my attention that this might be a motivating factor for trying to bring the whole situation to the court system. That there is a push to try and use this as a way to try coerce and extort the current administration during a time of an election.

At this time I have been unable to identify who the person was that used [an] FBI Agent['s] I.D. and who 'ramjam255' is, in the msn chat site transcript that was provided earlier to the court. Those individuals would be directly connected to the coercion and extortion part of this allegation.

Also that the Social Security Administration gave me full benefits, after two weeks of deliberation, which cemented my retirement and made me ineligible to continue my career for an Adjustment disorder. In the recommendation of my therapist, I was to return to work in 2 months time and continue my career.

> I would like to press all allegations against all parties involved because as far as I can honestly state, this was a collaboration between all parties, until the memos became relevant, until further evidence shows otherwise. I also request that I be able to amend the cause of action when I am able to retain and consult with counsel, if necessary. Please note that this complaint is not put in the proper timeframe and would be adjusted, if necessary, to make everything relevant.

Am. Compl. at 3-4, ECF No. 19.

The documents submitted by the Federal Defendants reflect that Plaintiff filed an appeal with the Merit Systems Protection Board ("MSPB") on November 3, 2011, alleging that the Federal Air Marshal Service and the Transportation Security Administration retaliated against him for engaging in whistleblower activity. Fed. Defs.' Br. Ex. B, ECF No. 43-3.[2] On February 28, 2012, Plaintiff's MSPB appeal was dismissed. *Id.* Plaintiff filed this action on July 18, 2012. The Federal Defendants and the State of New Jersey now move to dismiss.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint for lack of subject matter jurisdiction. There are two types of challenges to subject-matter jurisdiction: (1) facial attacks, which challenge the allegations of the complaint on their face; and (2) factual attacks, which challenge the existence of subject-matter jurisdiction, quite apart from any pleadings. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In reviewing a facial attack, like the one in this case, the court must consider the allegations of the complaint in the light most favorable to the plaintiff. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted. The factual allegations in a complaint must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

---

[2] On a motion to dismiss, the court may consider matters of public record and "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007).

3

### III. DISCUSSION

In the Complaint, Plaintiff states that he is appealing the decision of the MSPB. Plaintiff also asserts causes of action under seven federal statutes and five common law tort theories. The Federal Defendants and the State of New Jersey move to dismiss.

The Court finds that both motions should be granted. The Court does not have jurisdiction over Plaintiff's MSPB appeal because MSPB decisions may only be reviewed by the United States Court of Appeals for the Federal Circuit. 5 U.S.C. § 7703(b)(1)(A). Plaintiff's remaining claims cannot proceed because Plaintiff failed to state a claim upon which relief can be granted. The Complaint does not contain a single allegation about the State of New Jersey. And the only allegation that pertains to the Federal Defendants is the allegation that "the Social Security Administration gave [Plaintiff] full benefits." Compl. at 4. However, granting someone full Social Security benefits does not give rise to any type of liability.

Accordingly, the motions to dismiss are granted. Because Plaintiff has already amended his Complaint once, and the Court finds that further amendments would be futile, this action is dismissed with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (district courts do not need to permit a curative amendment if "an amendment would be inequitable or futile").

### IV. CONCLUSION

For the reasons stated above, the Federal Defendants' motion to dismiss is **GRANTED**, the State of New Jersey's motion to dismiss is **GRANTED**, and the action is **DISMISSED WITH PREJUDICE**. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: June 7, 2013**